NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARMJIT SINGH, | No. 19-73259 |
| Petitioner, | Agency No. A208-568-813 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2021**
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,*** District
Judge.

Parmjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Judge's (IJ) decision denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We review the BIA's legal conclusions de novo. *See Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation omitted). We review for substantial evidence the factual findings underlying the BIA's determinations. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Singh's petition.

1. Substantial evidence supports the BIA's denial of Singh's asylum claim. Because Singh demonstrated that he suffered past persecution on account of his political opinion, Singh was entitled to a "presumption of a well-founded fear of future persecution." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073–74 (9th Cir. 2004) (citation omitted). The government rebutted this presumption, however, by establishing by a preponderance of the evidence that Singh could reasonably and safely relocate to another part of India. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (citation omitted).

In determining reasonableness of relocation, "factors to consider include potential harm in the suggested relocation area, ongoing civil strife in the country, and social and cultural constraints, among others." *Singh*, 914 F.3d at 659 (citing 8 C.F.R. § 1208.13(b)(3)). The IJ considered these factors and properly concluded

that Singh's testimony and documents submitted by the government demonstrate Singh can safely and reasonably relocate within India.  Singh is a low-level member of the Mann Party and was persecuted by a local Badal group—it is, therefore, unlikely he will be pursued by police or Badal members nationwide.  Nothing in the record compels the opposite conclusion.  *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).

2. Because Singh is not eligible for asylum, he does not satisfy the standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. Singh did not challenge the IJ's denial of CAT protection in his appeal to the BIA.  Accordingly, we lack jurisdiction to address this claim.  *See* 8 U.S.C. § 1252(d)(1) (requiring an alien to exhaust all administrative remedies available).

**PETITION FOR REVIEW DENIED**.